**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| RUTHIE WALLS; COLTON GILBERT; JENNIFER REYNOLDS, as Next Friend of SADIE ANNABELLA REYNOLDS; CHANDRA WILLIAMS DAVIS, as Next Friend of GISELE DAVIS; and ARKANSAS STATE CONFERENCE OF THE NAACP, <br><br> Plaintiffs, <br><br> v. <br><br> HON. SARAH HUCKABEE SANDERS, in her official capacity as Governor of the State of Arkansas; and JACOB OLIVA, in his official capacity as Secretary of the Arkansas Department of Education, Arkansas State Board Members in their official capacity: SARAH MOORE, KATHY MCFETRIDGE-ROLLINS, ADRIENNE WOODS, RANDY HENDERSON, LISA HUNTER, JEFF WOOD, KEN BRAGG, and LEIGH S. KEENER, | Case No.: 4:24-cv-00270-LPR <br><br> ***Oral Argument Requested*** <br><br> ***Expedited Relief Requested*** |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR EXPEDITED BRIEFING AND CONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Ruthie Walls, Colton Gilbert, Jennifer Reynolds as Next Fried of Sadie Annabella Reynolds, Chandra Williams Davis as Next Friend of Gisele Davis, and the Arkansas State Conference of the NAACP ("NAACP-AR"), respectfully move the Court to issue a preliminary injunction preventing Defendants and their agents from enforcing Section 16 of the LEARNS Act, codified as Ark. Code Ann. § 6-16-156, during the pendency of this litigation.

As further discussed in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction, Section 16, titled "Indoctrination," is a law enacted by the State of

Arkansas that unconstitutionally restricts the due process and First Amendment rights of teachers to have adequate notice of how to comply with Section 16 and the First Amendment rights of students to receive information and ideas. On its face and as applied by Defendants Gov. Sanders, Secretary Oliva, and the Arkansas Board of Education, Section 16 is unconstitutional and this Court must issue a preliminary injunction to protect and restore the rights of students and teachers, including Student and Teacher Plaintiffs.

Plaintiffs request expedited consideration of their motion to restore the First and Fourteenth Amendment rights of Student and Teacher Plaintiffs. First, remedying the ongoing violation of Plaintiffs' constitutional rights "is always in the public interest to protect constitutional rights." *Phelps-Roper v. Nixon,* 509 F.3d 480 (8th Cir. 2007), *modified on reh'g,* 545 F.3d 685, 689 (8th Cir. 2008). Therefore, expedition is appropriate, especially as the First Amendment is at stake.

Second, and as further discussed in Plaintiffs' Memorandum in Support, both Teacher Plaintiffs have upcoming student presentations, beginning on April 25, 2024, for Ms. Walls, a high school AP African American Studies teacher; and in May for Mr. Gilbert, a high school debate teacher. Their students, including Student Plaintiffs Gisele Davis, Sadie Annabella Reynolds, and student members of the NAACP-AR (collectively, "Student Plaintiffs"), will be presenting on topics that could be subjectively interpreted as running afoul of the vague provisions of Section 16. These topics, selected by the students, include but are not limited to the role of men in governing health care decisions for women, Black women civil rights leaders, where intersectional issues of gender and race will be discussed, and the history of slave codes and its impact on racial inequality today. Because of the vague provisions of Section 16 and Defendants' own arbitrary enforcement of the law, Teacher Plaintiffs are highly concerned that if they assist their students in preparing for these presentations, they could be sanctioned by Defendants for "promoting

indoctrination" in the public schools. Both Teacher and Student Plaintiffs need the Court to consider their claims within the next two weeks to ensure Teacher Plaintiffs are not targeted and sanctioned for violating Section 16.

Third, students, including Student Plaintiffs, have been denied the benefits and privileges of the Advanced Placement African American Studies ("AP AAS") course since Defendant Secretary Jacob Oliva pulled down the course as an "advanced placement" ("AP") course just three days before the school year began. According to Defendant Oliva, he believed that the course may violate Section 16 of the LEARNS Act. Although he and the Arkansas Department of Education were provided copies of the curriculum by Ms. Walls and the College Board following Oliva's request, to date, the teachers and students are still waiting on a decision on whether the course's AP designation will be restored. Students will soon be graduating without the "advanced placement" designation, which will impact their transcripts (and subsequent college and scholarship applications), their grade point averages, graduation credits, and the cost of the AP exam will not be covered by the State, unlike the other AP subjects. AP AAS is the only AP course singled out in this manner by Defendants.

In addition, and as discussed in Plaintiffs' Memorandum, Ms. Walls has censored parts of her instruction throughout the year as a result of Section 16 and Defendants' arbitrary enforcement noted above. Ms. Walls' nearly 100 students, including Student Plaintiffs, are scheduled to take the AP AAS exam on May 14, 2024. In order for Ms. Walls to be able to fully prepare students for the exam, she needs the security of an injunction by this Court. Student Plaintiffs also have the opportunity to earn college credit if they score high enough and need all the teaching and preparation their teacher has to offer to achieve their fullest potential on the exam.

Because the "State has no interest in enforcing laws that are unconstitutional," (*Little Rock Family Planning Servs. V. Rutledge,* 397 F. Supp. 3d. 1213, 1322 (E.D. Ark. 2019)), Plaintiffs respectfully request that this Court expedite briefing and consideration of their motion.

Plaintiffs' Memorandum of Law in Support of the Motion demonstrates that Plaintiffs are likely to prevail on the merits of their claims, a preliminary injunction is necessary to prevent irreparable harm to Plaintiffs, and such a preliminary injunction is in the public interest.

In support of this Motion, Plaintiffs submit the following:

1. Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction

2. Declaration of Sarah Baum (and accompanying exhibits)

3. Declaration of Ruthie Walls

4. Declaration of Colton Gilbert

5. Declaration of Sadie Annabella Reynolds

6. Declaration of Gisele Davis

Finally, should the Court consider the need for a bond from Plaintiffs, the Court should waive the bond requirement under Federal Rule of Civil Procedure 65(c). The granting of a preliminary injunction to restore First and Fourteenth Amendments is in the public's interest and will not damage or cost Defendants in any meaningful way that would support the requirement of a bond.

Dated: April 12, 2024

Respectfully submitted,

*/s/ Michael J. Laux*

Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, Arkansas 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
Email: mlaux@lauxlawgroup.com
         mikelaux@icloud.com

Austin Porter, Jr.
E. Dist. Arkansas Bar No. 86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1035
Little Rock, AR 72201
Telephone: (501) 224-8200
Email: aporte5640@aol.com

David Hinojosa *
D.C. Bar No. 1722329
Email: dhinojosa@lawyerscommittee.org
Maya Brodziak *
N.Y. Bar No. 5495114
Email: mbrodziak@lawyerscommittee.org
Chavis Jones *
D.C. Bar No. 1739219
Email: cjones@lawyerscommittee.org
Zakiya Lewis *
D.C. Bar No. 90020187
Email: zlewis@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20016
Telephone: (202) 662-8314

*Counsel for Plaintiffs*
*Pro Hac Vice applications pending

- 1 -

## CERTIFICATE OF SERVICE

I certify that on April 12th, 2024, the foregoing was filed through the Court's CM/ECF system and will be served on all parties of record via hand-delivery on April 15, 2024:

Hon. Sarah Huckabee Sanders
Governor of the State of Arkansas
500 Woodlane St.
Little Rock, AR 72201
(501) 682-2345

Jacob Oliva
Secretary of the Arkansas Department
of Education
Four Capitol Mall, Room 304-A
Little Rock, AR 72201
(501) 682-4203
Jacob.Oliva@ade.arkansas.gov

Kathy McFetridge-Rollins
Arkansas State Board Member
Four Capitol Mall
Little Rock, AR 72201
(501) 682-4475
Kathy.Rollins@ade.arkansas.gov

Randy Henderson
Arkansas State Board Member
Four Capitol Mall
Little Rock, AR 72201
(501) 682-4475
Randy.Henderson@ade.arkansas.gov

Jeff Wood
Arkansas State Board Member
Four Capitol Mall
Little Rock, AR 72201
(501) 682-4475
Jeff.Wood@ade.arkansas.gov

Leigh S. Keener
Arkansas State Board Member
Four Capitol Mall
Little Rock, AR 72201
(501) 682-4475
Leigh.Keener@ade.arkansas.gov

Timothy Griffin
Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2007
oag@arkansasag.gov

Sarah Moore
Arkansas State Board Member
Four Capitol Mall
Little Rock, AR 72201
(501) 682-4475
Sarah.B.Moore@ade.arkansas.gov

Adrienne Woods
Arkansas State Board Member
Four Capitol Mall
Little Rock, AR 72201
(501) 682-4475
Adrienne.Woods@ade.arkansas.gov

Lisa Hunter
Arkansas State Board Member
Four Capitol Mall
Little Rock, AR 72201
(501) 682-4475
Lisa.Hunter@ade.arkansas.gov

Ken Bragg
Arkansas State Board Member
Four Capitol Mall
Little Rock, AR 72201
(501) 682-4475
Ken.Bragg@ade.arkansas.gov

By: */s/ Michael J. Laux*
Michael J. Laux
*Counsel for Plaintiffs*

- 2 -