## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**RUTHIE WALLS, et al.**                                                                                   **PLAINTIFFS,**

**v.**                                       **No. 4:24-cv-00270-LPR**

**HON. SARAH HUCKABEE SANDERS, in her**
**official capacity as Governor of the State of**
**Arkansas, et al.**                                                                                      **DEFENDANTS.**

### DEFENDANTS' OPPOSITION TO REQUEST FOR EXPEDITED TREATMENT; REQUEST TO SET BRIEFING SCHEDULE

Plaintiffs' request for expedited treatment should be denied. Instead, to simplify matters, Defendants respectfully request the Court set Defendants' deadline to file a responsive pleading and to respond to Plaintiffs' preliminary-injunction motion no earlier than May 6—which is 21 days following service being completed on all Defendants in this case.[1] Aligning those deadlines will better enable the parties to streamline this matter for the Court and avoid needless proceedings.

To start, Plaintiffs' request for expedited treatment should be denied because they put off filing this case and then delayed seeking preliminary injunctive relief. *See, e.g.*, *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (affirming denial of preliminary-injunctive relief due to plaintiffs' delay). The LEARNS Act was signed by Governor Sarah Huckabee Sanders on March 14, 2023, and due to its emergency clause, most sections of the Act—including Section 16—became effective upon Governor Sanders' signature. *See* Act 237 of 2023, sec.

---

[1] Defendants were never served with the initial complaint that Plaintiffs filed. Instead, on April 12, 2024, Plaintiffs left a summons and a copy of the First Amended Complaint with the front desk at Governor Sanders' office. *See* Doc. 13. The remaining Defendants were not served until April 15. Thus, at the earliest, Governor Sanders' responsive pleading is due May 3, which is "21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). The remaining Defendants' deadline is May 6.

73(a) (listing Section 16 among the sections of the Act that went into effect immediately); *Ark. Dep't of Educ. v. Jackson*, 2023 Ark. 140, 8 (2023) (affirming the validity of emergency clause). Thus, Plaintiffs waited to bring their claims concerning Section 16 of the LEARNS Act until more than a year after its effective date. *See* Compl., Doc. 1 (filed March 25, 2024).

Moreover, Plaintiffs admit they knew the Arkansas Department of Education withdrew Advanced Placement approval for the African American Studies pilot course on August 11, 2023, which was "before the start of the 2023-24 school year." Am. Compl., Doc. 8, ¶ 105, heading (bold and capitals omitted). Yet Plaintiffs took no action for more than eight months, letting nearly the entire school year elapse. Only three weeks ago did Plaintiffs finally file suit, but even then, they continued to sit idle. Indeed, far from immediately seeking emergency relief, they waited weeks to file a new complaint and then only made it around to filing their preliminary-injunction motion just before midnight on April 12. Plaintiffs' actions undermine their second request that the Court "expedite briefing and consideration." Pls.' PI Motion, Doc. 14, at 4.

Next, Plaintiffs' new-found justifications for expedition are self-created and ring hollow. They ask this Court to rule on their motion in enough time for Ms. Walls to "assist [her] students in preparing" for student-thesis presentations only seven school days from now. Pls.' PI Motion, Doc. 14, at 2; Am. Compl., Doc. 8, ¶ 84. But these are "year-end thesis" presentations "before a faculty panel," *id.* ¶¶ 83, 84; *see id.* ¶ 84 ("year-end assignments"), that students are "*completing*," *id.* ¶ 85 (emphasis added), after knowing they were coming since the beginning of the school year. *See id.* ¶¶ 83, 85 (describing students' thesis topics); *see also* Pls.' PI Motion, Doc. 14, at 2 (Mr. Gilbert's student presentations). Plaintiffs similarly allege that Ms. Walls "needs the security of an injunction" to "fully prepare" students to take the AP African American Stud-

ies exam on May 14, 2024, Pls.' PI Motion, Doc. 14, at 3, despite admitting that "she has not removed any specific materials from her curriculum." Pls.' Br., Doc. 21 at 22. And, just like the thesis presentations, Plaintiffs knew this exam was coming all along. *See* Am. Compl., Doc. 8, ¶ 39 ("At the end of each school year, AP students take a national AP examination.").

Ultimately, Plaintiffs' decision to wait an entire school year to bring this case isn't a basis for extraordinary treatment. Nor are their actions since first filing this case—filing a facially deficient complaint, failing to serve it, waiting weeks to file a new complaint with different claims, finally serving it in waves, and then at midnight the same day that new complaint was filed finally filing a preliminary-injunction motion. Plaintiffs' decisions in handling this case hardly warrant truncating Defendants' already short response period. Plaintiffs now ask the Court to make up for their dilatory conduct and act with haste. This Court should deny Plaintiffs' request.

Instead, because Plaintiffs' motion presents legal issues identical to those that would be resolved on a motion to dismiss, to conserve resources Defendants respectfully request the Court (1) set Defendants' responsive pleading deadline to a date no earlier than May 6; and (2) extend Defendants' preliminary-injunction briefing deadline to coincide with that responsive-pleading deadline. That schedule will facilitate Defendants' ability to file a single consolidated brief in support of a motion to dismiss and in opposition to Plaintiffs' motion for preliminary injunction. And it will aid the Court's consideration of this matter—which Defendants intend to argue can be resolved entirely on a motion to dismiss.

**CONCLUSION**

Plaintiffs have known since the beginning of the school year about the circumstances they now contend constitute an emergency and warrant expedited treatment. Only now, at the eleventh hour, do Plaintiffs cry for urgency. For the foregoing reasons, Defendants respectfully request the Court deny Plaintiffs' request for expedition, set Defendants' responsive pleading deadline to a date no earlier than May 6, and extend Defendants' preliminary-injunction briefing deadline to coincide with that responsive-pleading deadline.

Dated: April 16, 2024                     Respectfully,

                                                TIM GRIFFIN
                                                 Attorney General
                                              MICHAEL A. CANTRELL (2012287)
                                                 Assistant Solicitor General
                                             JORDAN BROYLES (2015156)
                                                 Senior Assistant Attorney General
                                             JUSTIN BRASCHER (2023029)
                                                 Assistant Solicitor General
                                             Office of the Arkansas Attorney General
                                             323 Center Street, Suite 200
                                             Little Rock, AR 72201
                                             Main: (501) 682-2007
                                             Michael.Cantrell@ArkansasAG.gov
                                             Jordan.Broyles@ArkansasAG.gov
                                             Justin.Brascher@ArkansasAG.gov

                                             *Counsel for Defendants*