# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RUTHIE WALLS, et al.**                                                                                    **PLAINTIFFS,**

**v.**                                     **No. 4:24-cv-00270-LPR**

**HON. SARAH HUCKABEE SANDERS, in her**
**official capacity as Governor of the State of**
**Arkansas, et al.**                                                                                                **DEFENDANTS.**

### DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL

Defendants move for a stay of proceedings pending their appeal of this Court's preliminary injunction, and a stay of the responsive-pleading deadline (currently May 14) pending this Court's ruling on this motion. The Eighth Circuit's decision in that appeal will bear heavily on further proceedings in this case, and proceeding before that decision is rendered would force the Court to revisit whatever rulings it reaches after it received further guidance from the Eighth Circuit. Plaintiffs oppose a stay of proceedings but do not oppose a stay of the responsive-pleading deadline pending this Court's stay ruling.

"A district court has broad discretion to stay proceedings when appropriate to control its docket," *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006), and to ensure that cases are handled "with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, district courts in this district and Circuit often stay proceedings pending an interlocutory appeal, or even a decision in an appeal in another case, that may shed light on the legal principles governing further proceedings. *See, e.g.*, *Minn. Voters All. v. Walz*, 494 F. Supp. 3d 610 (D. Minn. 2020); *Muhammad v. Mayfield*, No. 515CV00130, 2019 WL 1381999 (E.D. Ark. Mar. 25, 2019); *Fullington v. Pfizer, Inc.*, No. 10CV00236, 2011 WL 692055 (E.D. Ark. Feb. 18, 2011). "Relevant factors include the conservation of judicial resources and the parties' resources . . . providing for the just determination of

cases, and hardship or inequity to the party opposing the stay." *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016); *see also Muhammad*, 2019 WL 13181999, at *1 (citing avoidance of "inefficient use of the Court's judicial resources"); *Fullington*, 2011 WL 692055 (citing "considerations of judicial economy and avoidance of unnecessary legal expense").

Here, the Eighth Circuit's decision on Defendants' appeal will "materially impact" further proceedings in this case, even as to the claims not implicated by the Court's injunction. *Muhammad*, 2019 WL 13181999, at *1. Most obviously, the Eighth Circuit's review of this Court's injunction will control further proceedings on Plaintiffs' right-to-hear claim. If the Eighth Circuit holds that *Pratt v. Independent School District No. 831* has been overruled and that there is no First Amendment right to hear particular public-school curricular instruction, as this Court's order suggests it might, Doc. 45 at 37, Plaintiffs' claim would fail. So too, if the Eighth Circuit holds that Section 16 does not prohibit mere "teaching about Critical Race Theory," *id.* at 42, which this Court characterized as a close question, *see id.* at 41-42 & n.222, Plaintiffs' right-to-hear claim would fail. Proceeding further before the Eighth Circuit gives guidance on whether the central premises of the Court's preliminary injunction are correct would waste considerable judicial resources and force a do-over if Defendants were to prevail on either.

Moreover, the Eighth Circuit already has before it an appeal, scheduled for argument in June, that presents whether "the Supreme Court's government speech cases . . . abrogate *Pratt*." State Defs.-Appellants' Br. at 46, *GLBT Youth in Iowa Schs. Task Force v. Reynolds*, No. 24-1075 (8th Cir. Mar. 11, 2024), No. 24-1075; Order, *GLBT Youth in Iowa Schs. Task Force* (8th Cir. May 3, 2024) (granting motion for expedited argument). That appeal too could foreclose Plaintiffs' right-to-hear claim.

Though Plaintiffs' other claims will not be directly before the Eighth Circuit on appeal, the Eighth Circuit's review of this Court's injunction could substantially affect their disposition as well.  One of the questions on appeal will be the correct interpretation of Section 16; if the Eighth Circuit holds that Section 16 has a plain meaning either way, that would largely foreclose Plaintiffs' claim that the statute is unconstitutionally vague.  As to the teacher Plaintiffs' First Amendment claim, a holding that students do not even have a First Amendment right to hear particular curricular instruction would support this Court's holding that teachers have no First Amendment rights in their curricular speech.  Doc. 45 at 27.  Finally, if the Eighth Circuit holds that Defendants have a legitimate pedagogical reason for prohibiting indoctrination, that would undermine Plaintiffs' equal-protection claim, which alleges that Section 16 was enacted for reasons of racial animus.  Thus, the Eighth Circuit's decision will likely materially affect all of Plaintiffs' claims, and proceeding without the benefit of its guidance would potentially require duplicative proceedings in light of the Eighth Circuit's opinion.

On the other side of the ledger, Plaintiffs would not suffer hardship from a stay.  They have already obtained injunctive relief, and while they have not obtained injunctive relief against Section 16's prohibition of indoctrination, for many of the reasons stated in this Court's order, it is extremely unlikely that they would even absent a stay.  Doc. 45 at 39 (explaining Defendants "win hands down" as to prohibiting indoctrination because students have no right to be indoctrinated and the State has a legitimate interest in prohibiting indoctrination).  While the Court did not pass on the merits of all of Plaintiffs' claims, its holding that "the State has an obvious pedagogical interest in preventing" indoctrination, *id.* at 38, equally forecloses Plaintiffs' claim that Section 16's ban on indoctrination is motivated by racial animus.  And the Court's ordinary-meaning interpretation of the statute's definition of prohibited indoctrination strongly suggests

the definition is not vague. *Id.* at 40. Thus, Plaintiffs have already obtained the most relief they could obtain, and a stay would not impose any hardship on them.

## CONCLUSION

The Court should stay proceedings pending Defendants' appeal, and stay Defendants' responsive-pleading deadline pending its ruling on this motion.

Dated: May 10, 2024                               Respectfully,

                                          TIM GRIFFIN
                                           Attorney General
NICHOLAS J. BRONNI (2016097)
 Solicitor General
ASHER STEINBERG (2019058)
 Senior Assistant Solicitor General
MICHAEL A. CANTRELL (2012287)
 Assistant Solicitor General
JORDAN BROYLES (2015156)
 Senior Assistant Attorney General
JUSTIN BRASCHER (2023029)
 Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Main: (501) 682-1051
Asher.Steinberg@ArkansasAG.gov

*Counsel for Defendants*